ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, October 14, 2022 10:39:53 AM
CASE NUMBER: 2022 CV 04671 Docket ID: 442144775
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **DEVIN POSTELL, JR.** | : | CASE NO.: |
| 168 Lexington Ave. | : | |
| Dayton, OH 45402 | : | JUDGE: |
| | : | |
| Plaintiff, | : | **PLAINTIFF'S COMPLAINT FOR** |
| | : | **PERSONAL INJURY W/ JURY** |
| vs. | : | **DEMAND ENDORSED HEREIN** |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY** | : | |
| Corporation Service Company | : | |
| 3366 Riverside Dr., Suite 103 | : | |
| Upper Arlington, OH 43221 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COUNT I

1. On or about October 28, 2020, Plaintiff, Devin Postell, a restrained passenger, was traveling southbound on Broadway Street, in the City of Dayton, Montgomery County, Ohio, when an underinsured motorist traveling northbound on Broadway Street, at eighty miles an hour, failed to maintain control of her vehicle. She crossed over the center line into the southbound lane, and as a result, the underinsured motorist collided her vehicle into the vehicle carrying Plaintiff, Devin Postell, causing serious bodily injury and trauma.

2. Plaintiffs were and are residents of Dayton, Montgomery County, Ohio.

3. Upon information and belief, the underinsured motorist was and is a resident of Dayton, Montgomery County, Ohio.

4. As a proximate result of the negligence of the underinsured motorist, Plaintiff Devin Postell, suffered injuries and damages including, but not limited to, the following:

   a. Severe injuries, including, but not limited to: injuries to his wrist; left hand; abdomen; sprain of cervical and lumbar spine; right knee pain; lacerations; and abrasions.

Exhibit A

      b.      Great pain and suffering, both physical and emotional, the loss of ability to perform usual functions, and the injuries will continue to cause pain and suffering in the future; and

      c.      Reasonable and necessary medical expenses in an amount in excess of $63,943.77 as well as further reasonable and necessary medical expenses to be incurred in the future.

8.     Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is a corporation authorized to do the business of insurance within the State of Ohio.

9.     On October 28, 2020, Plaintiff was injured and received damages as a result of an uninsured motorist as set forth above.

10.     On October 28, 2020, Plaintiff was an insured under a policy of insurance with Defendant State Farm which contained uninsured/underinsured motorist coverage. Plaintiff is not in possession of a complete copy of said policy.

11.     Plaintiff has made a claim for underinsured motorist coverage under Defendant State Farm's policy of insurance.

12.     Plaintiff has cooperated with Defendant with respect to the claim for underinsured motorist coverage and has complied with all applicable terms and conditions of Defendant State Farm's automobile policy of insurance.

13.     Plaintiff has demanded payment of underinsured motorist coverage pursuant to Defendant State Farm's policy of insurance as a result of Plaintiff's injuries and damages referred to above.

14.     Plaintiff and Defendant State Farm have not been able to agree as to whether Plaintiff is legally entitled to recover damages or the amount of damages pursuant to conditions of the underinsured motorist provision of Defendant State Farm's policy of insurance.

15.     Defendant State Farm has failed and refuses to make payment under the terms of the underinsured motorist provision of its policy of insurance.

16.     State Farm has a duty of good faith, which includes a duty to offer what is fair in an attempt to fulfill State Farm's contractual obligations pursuant to Plaintiff's underinsured motorist coverage.

17.     Defendant State Farm committed numerous acts of bad faith in failing to fully, fairly, and timely investigate and evaluate Plaintiff's UIM claim, and in failing to offer what is fair in an attempt to resolve Plaintiff's UIM claim.

18.     As a direct result of State Farm's bad faith, Plaintiff has suffered damages including damage to Plaintiff's emotional well-being, mental anguish, and emotional distress.

19.     State Farm's bad faith actions in this case were done with willful and wanton disregard for the rights of the Plaintiff when there was a great probability of causing substantial harm.

20.     State Farm's bad faith actions were pursuant to an adopted company policy and consistent with a company course of conduct which is designed and implemented by State Farm to maximize company profits contrary to the duties which State Farm has to its insureds.

21.     State Farm's bad faith actions in this matter have directly cause harm, warranting and supporting compensatory damages in excess of $25,000.00 and warranting punitive damages in excess of $25,000.00.

      **WHEREFORE,** Plaintiff, Devin Postell, Jr., demands judgment against Defendant State Farm Mutual Automobile Insurance Company in an amount in excess of $25,000.00, in accordance with the terms and conditions of Plaintiff's policy of insurance with this defendant and R.C. 2721.01 through 2721.15 and R.C. 3937.18, together with punitive damages, pre-judgment interest, attorney fees and the cost of this action.

### THIRD CLAIM FOR RELIEF

22.     Plaintiff re-alleges paragraphs 1-21 as if fully rewritten herein and states that State Farm Mutual Automobile Insurance Company may pay or may have paid benefits to Plaintiff Devin Postell, Jr..

23.     Defendant State Farm Mutual Automobile Insurance Company is the insurer of Plaintiff and provides medical payment coverage, underinsured motorist coverage and uninsured motorist coverage to Plaintiff.

24.     Plaintiff has exhausted all liability coverage and is seeking benefits under her underinsured motorists coverage.

      **WHEREFORE**, Plaintiff prays Judgment against State Farm Mutual Automobile Insurance Company for any underinsured/uninsured motorist benefits payable and requests the Court determine if and to what extent any portion of medical payments coverage benefits that Plaintiff may have received are subrogated to Defendant State Farm Mutual Automobile Insurance Company.

                                                  Respectfully submitted,

                                                  Michael L. Wright, #0067698
                                                  Robert L. Gresham, #0082151
                                                  Kesha Q. Brooks, #0095424
                                                  130 W. Second Street, Suite 1600
                                                  Dayton, Ohio 45402

        (937) 222-7477
        (937) 222-7911    FAX
        mwright@yourohiolegalhelp.com
        rgresham@yourohiolegalhelp.com
        kbrooks@yourohiolegalhelp.com
        *Attorneys for Plaintiff, Tracey Postell and Devin Postell, Jr.*

## JURY DEMAND

    Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

        Michael L. Wright, Esq.
        Robert L. Gresham, Esq.
        Kesha Q. Brooks, Esq.
        *Attorneys for Plaintiff*