UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEVIN POSTELL, JR.,

    Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

Case No. 3:22-cv-329

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 8)**

---

This is a civil case, premised on diversity jurisdiction, in which Plaintiff, through counsel, seeks relief for injuries he sustained as a passenger in a vehicle struck by an uninsured motorist. *See* Doc. No. 3 at PageID 66.  This case is before the Court on Defendant's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.  Doc. No. 8.  In response to the motion, Plaintiff filed a memorandum in opposition (Doc. No. 11), and Defendant replied (Doc. No. 14).  Thus, the motion is ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Motions for judgment on the pleadings under Rule 12(c) are analyzed under the same standard as motions to dismiss under Rule 12(b)(6).  *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).  For both motions, "all well-pleaded material allegations of the pleadings of the

opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and

will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Accordingly, Defendant's motion for judgment on the pleadings is **DENIED**. Doc. No. 8. The Court anticipates reviewing both parties' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

August 23, 2023          s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge